## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Nathan L. Goines,**
**Claimant Below, Petitioner**

**vs.)**   **No. 22-0167**   (BOR Appeal No. 2055582)
                        (JCN: 2020008218)

**Standard Corporation,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nathan L. Goines appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent Standard Corporation filed a timely response.[1] The issue on appeal is the compensability of an occupational disease claim. The claims administrator rejected the claim because (a) there was no evidence of a work-related injury or disease, and (b) the claim was barred by the applicable statute of limitations. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision in its July 30, 2020, order. The order was affirmed by the Board of Review on January 21, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

From the sparse appellate record in this case,[2] we glean the following. On September 12, 2019, petitioner, a retired shift lead operator, completed an Employees' and Physicians' Report of Injury stating that during his former employment with respondent, he was exposed to a chemical known as C8. Petitioner indicated that the chemical exposure affected his stomach and blood pressure. Petitioner stated that his date of last exposure was on May 14, 2007, over twelve years before the filing of the instant claim. Petitioner indicated that he did not quit working until May 3, 2016. To the form, petitioner attached a handwritten letter in which he explained that the physician's section was not completed because the "C-8 doctors" told him that he was being seen only for the "poison" in his system, and not for his workers' compensation claim. Thus, the doctors were unable to fill out the physician's section of the form. Petitioner stated that he was being

---

[1]Petitioner is a self-represented litigant, and respondent is represented by Tracey B. Eberling.

[2]Petitioner's appendix consists of only ten pages, and respondent submitted a twenty-page appendix.

1

treated for stomach issues, high blood pressure, and diverticulitis. Also attached to the form were lab results dated February 8, 2018. A urinalysis showed several abnormal readings.

The claims administrator rejected the claim on September 24, 2019. The claims administrator found that (a) there was no evidence of a work-related injury or disease, and (b) the claim was barred by the applicable statute of limitations. Petitioner protested the claims administrator's decision.

On a second, undated,[3] Employees' and Physicians' Report of Injury, petitioner indicated May 5, 2007, was both his date of last exposure and the date on which he quit working. He listed the stomach as the only body part affected. Petitioner did not sign this form. The physician's section was also unsigned, but was partially completed by a healthcare provider named Singh.[4] The healthcare provider made a diagnosis of GERD and marked that the condition was non-occupational. To this form, petitioner attached a handwritten memo in which he stated respondent placed him in a hazardous chemical plant. Petitioner also attached a patient prescription record from CVS Pharmacy showing petitioner's filled prescriptions during 2018 and 2019.

Christopher Martin, M.D., conducted a review of petitioner's medical records on February 13, 2020. Petitioner's primary medical problem was poorly controlled diabetes, which led to secondary conditions. For example, petitioner underwent an amputation of his left leg below the knee due to cellulitis caused by his diabetes. Petitioner also had elevated levels of C8 in his blood. Based on petitioner's handwritten descriptions, Dr. Martin found that the elevated levels of C8 may have arisen from occupational exposures "in addition to environmental [exposure] from known contamination of drinking water sources in this region." However, Dr. Martin could not causally relate the elevated levels of C8 in petitioner's blood to any disease petitioner had. Dr. Martin explained that one recent study showed *reduced* rates of diabetes among populations exposed to C8 and provided the citation to that study in his report. In addition, the C8 monitoring program in which petitioner was participating published a paper stating that there was no demonstrable association between C8 and diabetes.

In support of his protest, petitioner wrote a letter. Petitioner indicated that he worked for respondent beginning in 2002 and became the lead operator in the area where liquid Teflon was packed. Petitioner stated that he became soaked with the liquid Teflon during each shift. Respondent provided petitioner rubber gloves and a face shield, which were not effective protection. Petitioner was subsequently given a uniform to wear. By 2007, petitioner stated that the levels of C8 in his blood were the highest of all of the workers in his area. Petitioner desired medical treatment for his blood pressure and stomach and heart problems.

In its July 30, 2020, order, the Office of Judges affirmed the claims administrator's rejection of the claim. Relying on Dr. Martin's February 13, 2020, report, the Office of Judges

---

[3]The Office of Judges considered this undated Employees' and Physicians' Report of Injury "under the date of January 28, 2020."

[4]The provider's first name is not clearly legible.

found that the medical evidence did not support petitioner's allegation that he suffered from an occupational disease. In addition, because petitioner alleged that he was last exposed to C8 in May 2007 but did not file his claim until September 12, 2019, the Office of Judges also upheld the claims administrator's finding that the claim was barred by the three-year statute of limitations. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the order on January 21, 2021.[5]

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code § 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

Both the claims administrator and the Office of Judges rejected the claim because (a) there was no evidence of a work-related injury or disease, and (b) the claim was barred by the applicable statute of limitations. West Virginia Code § 23-4-1(f) generally provides[6] that a disease is considered to have been incurred in the course of or to have resulted from the employment only if (1) there is a direct causal connection between the conditions under which work is performed and the occupational disease; (2) it can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment; (3) it can be fairly traced to the employment as the proximate cause; (4) it does not come from a hazard to which workers would have been equally exposed outside of the employment; (5) it is incidental to the character of the business and not independent of the relation of employer and employee; and (6) it appears to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence, though it need not have been foreseen or expected before its contraction. The applicable statute of limitations for occupational disease claims (other than occupational pneumoconiosis claims) is found at West Virginia Code § 23-4-15(c). Pursuant to West Virginia Code § 23-4-15(c), to be entitled to compensation for an occupational disease, a claimant must file his claim within (1) three years from the day on which the claimant was last exposed to the occupational hazard, or (2) three years after the claimant's occupational disease was made known to him by a physician, or which the claimant should have known. West Virginia Code § 23-4-15(c) provides that filing a claim within the limitations period is a jurisdictional prerequisite to receiving compensation.

After review, we find no error in the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. "Pursuant to W. Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010), a claimant in a workers' compensation case must prove his or her claim for benefits by a

---

[5]The Board of Review made a minor clarification in finding of fact no. 2 of the Office of Judges' July 30, 2020, order, which is not relevant to this appeal.

[6]West Virginia Code § 23-4-1(f) does not govern occupational pneumoconiosis claims.

preponderance of the evidence." Syl. Pt. 2, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016). In this case, no healthcare provider diagnosed petitioner with an occupational disease, and, as explained by Dr. Martin, the medical evidence of record revealed no causal connection between any disease petitioner had and the elevated levels of C8 in his blood. Furthermore, petitioner's claim is jurisdictionally barred pursuant to West Virginia Code § 23-4-15(c) because petitioner alleged that he was last exposed to C8 in May 2007 but did not file his claim until September 12, 2019. Therefore, petitioner failed to show by a preponderance of the evidence that he had a compensable occupational disease claim.

Affirmed.

**ISSUED: February 20, 2024**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**DISQUALIFIED:**

Justice C. Haley Bunn